PRYOR v. STATE.   (1 Div. 644.)

(Court of Appeals of Alabama. June 1, 1926.)

1. Criminal law ⟺656(5).

Court's remark in jury's hearing that state's witness was chief deputy sheriff and court officer, in response to objection that he had not been under rule, *held* not error.

2. Criminal law ⟺1137(5)—Defendant, eliciting testimony, on cross-examination, as to his character for peace, and that witness had heard his reputation as turbulent bloodthirsty man discussed by certain persons, cannot complain that court permitted state to prove their statements.

Defendant, bringing out testimony on cross-examination of state's witness, as to defendant's character for peace and quiet, and that witness had heard certain persons discuss his reputation as turbulent, bloodthirsty man, cannot complain that court permitted state to prove what they said respecting his reputation.

3. Criminal law ⟺815(1).

Charge pretermitting consideration of evidence was properly refused.

4. Criminal law ⟺807(1).

Argumentative charge is properly refused.

5. Criminal law ⟺761(2)—Homicide ⟺300 (14)—Charge on self-defense held properly refused as pretermitting freedom from fault and inability to retreat, and assuming that defendant was reasonable man.

Charge that, if defendant, as reasonable man, honestly believed he was in danger of serious bodily harm, and was without fault in bringing on or encouraging difficulty, and it was apparent to him as reasonable man that shooting was only safe way to escape such harm, he had right to shoot, *held* properly refused as pretermitting freedom from fault and inability to retreat, and assuming that defendant was a reasonable man.

**6. Criminal law ☞829(1).**

Refusal of charge covered by court's charge is not error.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

William, alias Willie, Pryor was convicted of murder in the second degree, and he appeals. Affirmed.

Charge 28, refused to defendant, is as follows:

"(28) I charge you that, if the jury believes from the evidence that if the defendant, as a reasonable man under such circumstances, honestly believed that he was there and there danger of suffering serious bodily harm, and it was without fault on his part in bringing on or encouraging the difficulty, and it was apparent to him as a reasonable man on such conditions that the only safe method of escaping serious bodily harm was by shooting, as a matter of law he had a right to shoot."

Chas. W. Tompkins, of Mobile, for appellant.

The statement of the court in the presence of the jury constituted reversible error. Powell v. State, 20 Ala. App. 606, 104 So. 551; Patterson v. State, ante, p. 22, 104 So. 866. Argument of counsel calculated to prejudice the jury should be excluded. Merrell v. State, ante, p. 38, 104 So. 881. Defendant's requested charges were erroneously refused. Grimes v. State, 105 Ala. 87, 17 So. 184; Mitchell v. State, 129 Ala. 23, 30 So. 348; Kennedy v. State, 140 Ala. 1, 37 So. 90.

Harwell G. Davis, Atty. Gen., for the State.
Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] W. O. Robbins, one of the witnesses for the state, after testifying as a witness, and after other witnesses had been examined, was recalled by the state to be examined in rebuttal. Upon objection being made by defendant that the rule had been invoked, and that the witness had not been under the rule, the court, in overruling defendant's objection, and permitting witness to testify, stated that the witness was the chief deputy to the sheriff and an officer of the court. To this statement made by the court in the hearing of the jury exception is reserved. The remark is in no sense an instruction to the jury, was not addressed to them, and only stated a fact which must have been already known to them. The remark of the court in explanation of his ruling was without error.

[2] On cross-examination of the witness Robbins, the defendant's counsel went into, and inquired about, the defendant's character for peace and quiet, and required the witness to state that he had heard certain persons discuss defendant's reputation for being a turbulent bloodthirsty man. The defendant hav-

ing brought out the evidence as to his character for peace and quiet, and that certain persons had discussed such character, he cannot complain that the court permitted the state to prove what these parties said respecting defendant's reputation.

The exceptions reserved to the rulings of the court on objections made by defendant to the argument of the solicitor are not sufficiently definite upon which to predicate a decision.

[3-6] Refused charge 13 pretermits a consideration of the evidence. Refused charge 15 pretermits a consideration of the evidence, and, besides, is an argument, and for both these reasons this charge is bad. Refused charge 26 was evidently copied wrong. As written, it is meaningless. Refused charge 28 is bad for many reasons. It pretermits freedom from fault and inability to retreat. and assumes that defendant was a reasonable man, and several other objections not necessary to point out. The rule of imminent peril has been so often stated as not to require a restatement here. Refused charge 32 is covered by the court in his oral charge.

We find no error in the record, and the judgment is affirmed.

Affirmed.